**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**
**Civil Action No.**   2:22-cv-01686-DCN

| | |
|---|---|
| Mary Russo, Karen Halverson, Sanchelle Johnson, and Juliann Callery, individually and on behalf of all others similarly situated, Jessica Ancrum, Sherryl Anderson, Brianna Bendik, Justin Bendik, Randy Brown, Juan Dozier, Darryl Felkel, Megan Felkel, Nicole Floyd, Candid Fortner, Peter Fortner, Kyle Grego, Ashley Hallock, Christian Hallock, Samuel Halverson, Kathleen Harvey, Arthur Hunter, Janica Hunter, John Jefferson, Sheila Jefferson, Ahmad Lewis, Paticia Lewis, Lucinda Liferidge, Phillip Liferidge, Jeremy Mcneer, Timothy O'Brien, Wendi O'Brien, Jason Pogar, Lindsey Pogar, Tristan Proctor, Marvin Ravenel, Diane Sass, Jeremy Sheltra, Matthew Shreve, Dolores Smiley, Mae Taylor, Neverrol Thompson, John Turner, Maria Turner, Lynn Washington, and Janelle Wright, <br><br>                                        Plaintiffs, <br><br> v. <br><br> Eastwood Construction Partners, LLC f/k/a Eastwood Construction, LLC f/k/a Eastwood Homes, Inc.; Eastwood Homes, Inc.; Exterior Contract Services, LLC; Southcoast Exteriors, Inc.; Alpha Omega Construction Group, Inc., Ciro Lopez, Juan Garza Ramos, John Doe Subcontractors 1-25, and Air Vent, Inc., <br><br>                                        Defendants. | **NOTICE OF REMOVAL** |

**TO:    F. ELLIOTTE QUINN, IV, ESQUIRE, ATTORNEY FOR THE PLAINTIFFS, AND TO THE PLAINTIFFS ABOVE NAMED:**

Defendant Air Vent, Inc. (hereinafter "Defendant AVI") hereby removes this civil action to the United States District Court for the District of South Carolina, Charleston Division, pursuant

to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.  In support thereof, Defendant AVI states the following:

## PROCEDURAL BACKGROUND AND CONTEXT

1.      This case involves a class action lawsuit filed by Plaintiffs, who are homeowners in several subdivisions in the Charleston, South Carolina area, alleging that 388 of their residential homes suffered damage because of (1) a defective roof ridge vent manufactured and sold by Defendant AVI and (2) negligent construction of the homes, particularly the roofing, by the co-Defendants, consisting of general contractors, sub-contractors, and individual employees of sub-contractors.  Plaintiffs allege negligence, breach of implied warranties, and violation of the Unfair Trade Practices Act against all Defendants.

2.      Plaintiffs originally filed this class action lawsuit on August 26, 2020, in the South Carolina Court of Common Pleas, County of Charleston, assigned Civil Action No.: 2020-CP-10-03786.[1]

3.      In this putative class action, Plaintiffs have amended the pleadings three times to name additional parties and causes of action.  Most recently, on April 26, 2022, Plaintiffs filed the Third Amended Complaint, which named, for the first time, Defendant AVI as a party.  A copy of the Third Amended Complaint is attached hereto as Exhibit A.

4.      Defendant AVI was not a party to, and was never served with, the earlier pleadings in this class action.

---

[1] As explained more fully below, Plaintiffs filed a duplicative class action lawsuit on August 27, 2020, arising out of the same events and involving substantially similar parties as the class action currently before the Court.  Defendant AVI was not a party to the duplicative class action.

## STATEMENT OF GROUNDS FOR REMOVAL

5.     Pursuant to 28 U.S.C. § 121(1), this matter is properly before the United States District Court for the District of South Carolina, Charleston Division.

6.     Defendant AVI's Notice of Removal is based on 28 U.S.C. § 1453(b), which permits removal of any state-court class action over which this Court has original jurisdiction.

7.     For the reasons set forth herein, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2) and the Class Action Fairness Act ("CAFA").

8.     The amount in controversy exceeds $5,000,000, exclusive of interests and costs. According to the Third Amended Complaint, approximately 388 homes allegedly suffered "significant physical damage" caused by "latent defects" and "continual exposure" to "repeated injurious events" over several years since construction.  (Compl. ¶ 67).  Plaintiffs allege that the damage, which includes repeated and prolonged water intrusion, has affected the wood-structure, drywall, and other components of all the homes.

9.     Plaintiffs allege that the defective roof ridge vent manufactured and sold by Defendant AVI was present in all 388 homes.  (Compl. ¶ 53).  Defendant AVI denies any liability and fault.

10.     As a result, Plaintiffs allegedly suffered from physical damage to all properties, diminution in value to all properties, and loss of use and enjoyment of all properties.  (*See, e.g.*, Compl. ¶ 149).  Further, Plaintiffs have allegedly incurred, and will incur in the future, "substantial sums of money to repair the properties."  (Compl. ¶¶ 63–64).

11.     Plaintiffs seek actual, punitive, and treble damages.

12.     For these reasons, the amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–

89, 135 S. Ct. 547, 554 (2014) ("Defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met.") (citing H.R. Rep. No. 112 – 10 p. 16 (2011)); *Woodward v. Newcourt Commercial Finance Corp.*, 60 F. Supp. 2d 530 (D.S.C. 1999) (holding that case was properly removed where it did not appear to a legal certainty that Plaintiff's claims were for less than the jurisdictional amount).

13.     This matter is within the Court's original jurisdiction because it contains "minimally diverse" parties as required by 28 U.S.C. § 1332(d)(2)(A). As of the date of the filing of the Third Amended Complaint, Plaintiffs were and remain citizens of South Carolina. (*See* Compl. ¶¶ 1–33). However, Defendant AVI is not a South Carolina citizen. Defendant AVI is organized and existing under the laws of the State of Delaware and maintains its principal place of business in Texas. (*See* Exhibit B – Declaration). Moreover, Plaintiffs allege that Defendants Eastwood Construction Partners, LLC; Eastwood Homes, Inc.; and Alpha Omega Construction Group, Inc. are citizens of North Carolina. For these reasons, the minimally diverse requirement is satisfied for purposes of removal.

14.     Removal is proper because the putative class of Plaintiffs in the aggregate exceeds 100. *See* 28 U.S.C. § 1332(d)(5)(B).

15.     This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30-days of receipt of the Third Amended Complaint. The Third Amended Complaint was filed on April 26, 2022, and Defendant AVI was served with it on April 28, 2022. Defendant AVI was never a party to the earlier pleadings in this matter. Therefore, this removal is timely.[2]

---

[2] The traditional one-year commencement limitation for removing diversity cases does not apply to class actions under CAFA; therefore, removal of this case is proper. *See* 28 U.S.C. § 1453(b)

16.     Pursuant to 28 U.S.C. § 1446(a), Defendant AVI has attached hereto all process and pleadings served upon it in the state court action.

17.     Pursuant to 28 U.S.C. § 1446(d), Defendant AVI has concurrently given written notice of the filing of this Notice of Removal to all adverse parties and will file a copy of the Notice with the Clerk of Court for the Charleston County Court of Common Pleas.

18.     Further, Defendant AVI will file its responsive pleading within the time permitted under Rule 81, FRCP.

## DUPLICATE CLASS ACTION

19.     For the Court's context, Plaintiffs filed a duplicate putative class action on August 27, 2020, that arose out of the same events and involved substantially similar parties to the current class action.  The duplicative action was titled *Mary Russo, Sanchelle Johnson, Juliann Callery, and Wendi O'Brien, individually and on behalf of all others similarly situated, Brianne Bendik, Kyle Grego, Ahmad Lewis, Neverrol Thompson, Randy Brown, Marvin Ravenel, Juan Dozier, Maria Turner, Matthew Shreve, Mae Taylor, Samuel Halverson, Nicole Floyd, Dolores Smiley, Lucinda Liferidge, Janelle Wright, Lynn Washington, Jeremy Sheltra, Peter Fortner, Jason Pogar, Jessica Ancrum, Megan Felkel, Jeremy McNeer, Janica Hunter, Christian Hallock, Sherryl Anderson, and Kathleen Harvey vs. Eastwood Construction Partners, LLC f/k/a Eastwood Construction, LLC f/k/a Eastwood Homes, Inc.; Eastwood Homes, Inc.; Exterior Contract Services, LLC; Southcoast Exteriors, Inc.; and Alpha Omega Construction Group, Inc.*, filed in the South Carolina Court of Common Pleas, County of Charleston, and assigned Civil Action No.: 2020-CP-10-03794 (hereinafter referred to as the "Duplicate Class Action").

---

("A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply)….").

20.    Defendant AVI was not a party to the Duplicate Class Action.

21.    On or about December 19, 2020, Defendant Eastwood filed a Notice of Removal in the Duplicate Class Action based upon 28 U.S.C. § 1332(d)(2) and provisions of the Class Action Fairness Act ("CAFA").

22.    The Duplicate Class Action was assigned to the Honorable David C. Norton.[3]

23.    Plaintiffs moved to remand the Duplicate Class Action, which Defendant Eastwood opposed. The Court initially scheduled a hearing on Plaintiffs' Motion but determined that the unique procedural circumstances of the two pending class actions raised a jurisdictional question "more fundamental than those addressed in the [Plaintiffs] motion to remand." (Order at p. 4, *Russo et al. v. Eastwood Const.*, No. 20-04267 (March 18, 2021), ECF No. 42). Accordingly, the Court postponed the hearing and requested that the parties submit supplemental briefs on the issue of the *Colorado River* abstention.

24.    On March 18, 2021, after considering the parties' written briefs, the Court dismissed the Duplicate Class Action based on the *Colorado River* abstention. Importantly, the Court did not remand the case; rather, the Court dismissed it outright.

25.    Approximately 400 days after Judge Norton dismissed the Duplicate Class Action, Plaintiffs filed the Third Amended Complaint in the current class action naming, for the first time, Defendant AVI as a party.

**WHEREFORE**, Defendant AVI respectfully files this Notice of Removal so that this case may proceed in the United States District Court for the District of South Carolina, Charleston Division, that no further proceedings be held in said case in the Charleston County Court of

---

[3] *Russo et al. v. Eastwood Const. et al.*, No.: 2:20-CV-04267-DCN.

Common Pleas, and for such other further relief as the Court deems just and proper in the circumstances.

Respectfully submitted this 27th day of May, 2022.

**MURPHY & GRANTLAND, P.A.**

_s/E. Raymond Moore, III_
E. Raymond Moore, III, Esquire (FED ID 06797)
Cordes B. Kennedy, Esquire (FED ID 12987)
P.O. Box 6648
Columbia, SC 29260
Phone (803) 782-4100
Email:  ermoore@murphygrantland.com;
ckennedy@murphygrantland.com
_Attorneys for Defendant Air Vent, Inc._